**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joe Miller, | ) | No. CV-11-8182-PCT-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Mohave County, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The court has before it defendants' motion to dismiss (doc. 18), plaintiff's response (doc. 23), and defendants' reply (doc. 24).

Plaintiff Joe Miller alleges that he was terminated from employment as a probation officer with the Mohave County Probation Department because he associated with an organization called Law Enforcement Against Prohibition ("LEAP"), which advocates for the legalization of marijuana, and because he added his name to a petition in support of a ballot initiative on this issue.  Plaintiff was told he was dismissed for "failing to maintain neutrality in action and appearance when [he] gave permission to the [LEAP] organization to include [his] job title and department 'Deputy Probation Office, Mohave County Probation Department' with [his] endorsement of a California ballot proposition."  Amended Compl. ¶ 33. Plaintiff originally explained that he had not given permission for LEAP to include his name on the petition, but then later learned that his wife had added his name without his

1  knowledge.  He alleges that when he discovered that his name had been added to the petition,
2  he adopted it as his own.  Id. ¶¶ 28-29.

3  ### Claim and Issue Preclusion

4  Defendants argue that this lawsuit is barred by claim and issue preclusion because
5  plaintiff failed to appeal the administrative decision affirming his termination.  The Mohave
6  County Probation Department is part of the Arizona state judicial system and is administered
7  by the presiding judge of the Mohave County Superior Court.  The Judicial Merit Rules for
8  the Judicial Branch of Arizona, Mohave County, govern personnel matters for the Superior
9  Court in Mohave County.  The Rules provide a grievance system whereby employee
10  complaints are considered through either an informal or formal review process.  If an
11  employee wants to appeal a suspension or dismissal of employment, he is entitled to a
12  hearing before a hearing officer.  Judicial Merit Rule 603.  The hearing officer conducts a
13  hearing, then submits his findings of fact, and application of rules, policies, and procedures,
14  in the form of a recommended disposition to the presiding judge of the Mohave Superior
15  Court.  The presiding judge may adopt, modify, or overrule the hearing officer's
16  recommendation.  The Rules specifically provide that "the order of the Presiding Judge shall
17  be final and binding on all parties to the process."  Judicial Merit Rule 603(B)(15)(c).  No
18  opportunity for appeal is provided by the Rules.

19  Plaintiff requested and received an administrative hearing regarding his termination.
20  The hearing officer recommended upholding plaintiff's termination, and the recommendation
21  was adopted by the presiding judge.  Defendants now argue that because plaintiff did not
22  appeal the administrative decision through a "special action," the instant lawsuit is barred by
23  claim and issue preclusion.  We disagree.

24  Courts will give preclusive effect to decisions of administrative agencies only if they
25  satisfy the requirements of fundamental fairness, including a showing that (1) the
26  administrative agency was acting in a judicial capacity, (2) the agency resolved disputed
27  issues of fact, and (3) the parties had an adequate opportunity to litigate.  United States v.
28  Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S. Ct. 1545, 1560 (1966).  Here, the

1   presiding judge was acting in his capacity as an employer when reviewing the decision to

2   terminate plaintiff, not as a neutral judicial tribunal.  See Judicial Merit Rule 603.  Plaintiff

3   did not have an adequate opportunity in the personnel proceedings to fully litigate and appeal

4   the termination decision, or to present the claims raised in the present action, including his

5   first amendment and state law claims.  Plaintiff could not request judicial review of the

6   presiding judge's decision by the Mohave Superior Court.  The Arizona Administrative

7   Review Act authorizes judicial review of administrative decisions, A.R.S. § 12-910, but

8   excludes those rendered by "any agency in the judicial or legislative departments of state

9   government."  A.R.S. § 12-910(1).

10   Relying on Woerth v. City of Flagstaff, 167 Ariz. 412, 417, 808 P.2d 297, 302 (Ct.

11   App. 1990), defendants argue that plaintiff was required to appeal the presiding judge's

12   decision by way of special action.  But Woerth involved an appeal from a decision by a

13   municipal personnel board and cannot be read to require that plaintiff present his claims by

14   way of a special action.  A special action is an extraordinary writ, not an appeal as of right.

15   Defendants have cited no statute, rule, or case that requires plaintiff to bring his civil

16   rights claims in superior court through a special action.  Because the presiding judge was

17   acting in his capacity as employer, plaintiff has not had an adequate opportunity to litigate

18   his claims before an impartial tribunal.  This action is not barred by claim or issue preclusion.

19   **First Amendment (Count I)**

20   Plaintiff asserts that his first amendment rights to free speech and association were

21   violated when he was terminated for his public statements regarding a matter of public

22   concern and the inclusion of his name on the LEAP petition.  Defendants argue that the first

23   amendment claims fail because plaintiff's wife made the speech at issue and therefore

24   plaintiff has not "engaged in any relevant constitutionally protected speech."  Motion at 7.

25   Defendants' argument is contradicted by the explanation given in the notice of

26   dismissal, which stated that plaintiff was terminated for allowing LEAP to include his name

27   and job title on a petition endorsing a ballot initiative to legalize marijuana.  Amended

28   Compl. ¶ 33.  At the time of plaintiff's termination, defendants were aware that, although

1  plaintiff's wife added his name to the LEAP petition, plaintiff had confirmed that the petition

2  represented his views and he had adopted the signature as his own. Id. ¶¶ 29-33. Therefore,

3  the facts sufficiently allege a first amendment claim that plaintiff was terminated because of

4  his speech and association with LEAP.

5  **Intentional Interference with Contractual Relations (Count III)**

6  Plaintiff contends that defendants State of Arizona, Walker, and Grissom intentionally

7  interfered with his employment relationship with the Mohave Probation Department. The

8  tort of intentional interference with a contract requires an improper act by a third party.

9  Generally, an employee acting within the scope of his employment cannot be liable for

10  interference with his employer's contract because he stands in the shoes of his employer and

11  not as a third party. "[W]hen an employee acts as a representative of his or her company, the

12  employee cannot, as a matter of law, interfere with the company's contract." Mintz v. Bell

13  Atl. Sys. Leasing Int'l Inc., 183 Ariz. 550, 555-56, 905 P.2d 559, 564-65 (Ct. App. 1995).

14  Defendant State of Arizona cannot have interfered with its own employment contract.

15  Moreover, defendant supervisors Grissom and Walker were acting within the scope of their

16  authority, for the benefit of their employer, when they made the decision to terminate

17  plaintiff, and therefore they could not have interfered with the employer's contract. Plaintiff

18  has not alleged that Grissom or Walker's actions were "improper" within the meaning of

19  Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 388, 710 P.2d 1025, 1043 (1985)

20  (holding that improper conduct includes acting maliciously or for purely private advantage).

21  We grant defendants' motion to dismiss plaintiff's claim for intentional interference

22  with contract (Count III).

23  **Intentional Infliction of Emotional Distress (Count IV)**

24  Plaintiff does not allege extreme or outrageous conduct to support an intentional

25  infliction of emotional distress claim. He asserts that his civil rights were violated but fails

26  to allege any conduct that was "atrocious" or "beyond all possible bounds of decency."

27  Watts v. Golden Age Nursing Home, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980). In

28  response to the motion to dismiss, plaintiff asks for more time to conduct discovery in order

to sufficiently state a claim.  But the Federal Rules of Civil Procedure require that a plaintiff plead "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than a conclusion."  Id. at 1950.

Plaintiff has alleged no factual allegations to support a claim for intentional infliction of emotional distress.  He cannot rely on discovery to state a plausible claim.  Count IV is dismissed.

**Qualified Immunity (Defendant Grissom)**

In considering whether defendant Grissom is entitled to qualified immunity on plaintiff's first amendment claim, we must determine whether plaintiff has sufficiently alleged that Grissom violated a constitutional right, and if so, whether that right was clearly established.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).  Defendants argue only that plaintiff has not alleged a constitutional violation because plaintiff's wife made the speech at issue.  We have already rejected this argument and concluded that plaintiff has sufficiently asserted a constitutional violation.  Defendants' statement that free speech claims will rarely if ever be "clearly established," Motion at 11, is insufficient to support a claim for qualified immunity.

Grissom also argues that she is entitled to qualified immunity on the state law claims.  We have dismissed the state causes of action asserted in Counts III and IV.  Defendants have not moved to dismiss the claim for wrongful termination under the Arizona Employment Protection Act, A.R.S. § 23-1501 (Count II), and they make no specific argument as to why Grissom is entitled to qualified immunity on this claim.  Grissom's motion for qualified immunity is denied, without prejudice to her right to reassert it as the litigation progresses.

We also reject defendants' argument presented for the first time in their reply that plaintiff has failed to state a plausible claim against Grissom under Rule 12(b)(6), Fed. R.

1  Civ. P.  We will not consider issues raised for the first time in a reply brief.  <u>Gadda v. State</u>

2  <u>Bar of Cal.</u>, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

3  **<u>Mohave County Probation Department</u>**

4  "[A] governmental entity may be sued only if the legislature has so provided."

5  <u>Braillard v. Maricopa County</u>, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010).

6  The Mohave County Probation Department is a non-jural entity and cannot be sued.  Plaintiff

7  concedes as much.  <u>Response</u> at 18.  The Mohave County Probation Department is dismissed

8  as a defendant in this case.

9  **<u>Conclusion</u>**

10  **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants'

11  motion to dismiss (doc. 18).  It is ordered granting defendants' motion to dismiss Count III

12  (intentional interference with contract), Count IV (intentional infliction of emotional

13  distress), and the Mohave Probation Department as a defendant.  It is further ordered denying

14  defendants' motion to dismiss Count I (first amendment), and denying Grissom's claim for

15  qualified immunity.

16  DATED this 29th day of March, 2012.

18  _____

19  Frederick J. Martone
   United States District Judge