**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Joe Miller, ) | No. CV 11-08182-PCT-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Mohave County et al, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On January 17, 2013, we entered an order denying plaintiff's counsel's Motion to Withdraw. (Doc. 72). We now have before us defendant's Motion to Enforce Settlement Agreement (doc. 70), plaintiff's Response (doc. 78), and defendant's Reply (doc. 79). We also have before us plaintiff's counsels' Motion for Reconsideration (doc. 75).

We denied counsels' Motion to Withdraw for failure to comply with LRCiv 83.3(b)(3), which provides that no lawyer will be permitted to withdraw once a case is set for trial unless a substituting lawyer or the client represent that they will be prepared for trial. The Motion (doc. 67) contained no such certification. Nor did counsel show good cause. They referred generically to professional considerations, offered to file something ex parte or in camera, and failed to do so.

Counsels' Motion for Reconsideration boldly declares that our order "overlooks or misapprehends the ethical constraints" and is based on "manifest error." Motion at 2 (doc.

1 75). But counsels' noisy effort to withdraw in the face of the Motion to Enforce Settlement
2 Agreement speaks for itself. Counsel admit as much by alleging that our "ruling has the
3 effect of making Counsel a witness with respect to the Motion to Enforce Settlement."
4 Motion at 3. Counsel assert that continued representation would cause them to violate ER
5 1.16(a)(1), (b)(4), (b)(6), 3.1 and 3.3. This means that they believe representation would
6 violate the Rules of Professional Conduct (1.16(a)(1)); the client insists upon taking
7 repugnant action or action with which counsel fundamentally disagree ((b)(4)); the
8 representation will be burdensome or made unreasonably difficult by the client ((b)(6));
9 counsel could not assert a frivolous position (3.1); and counsel would have to be candid to
10 the court (3.3). We need know nothing more to decide the Motion for Reconsideration and
11 the Motion to Enforce the Settlement Agreement.

12 Under ER 1.16(c), "[w]hen ordered to do so by a tribunal, a lawyer shall continue
13 representation notwithstanding good cause for terminating the representation." This is such
14 a case. The undisputed documents attached to the Motion to Enforce Settlement show that
15 there was indeed a settlement. A lawyer has the authority, apparent or otherwise, to settle
16 a case on behalf of a client. If the client disputes that, his beef is with the lawyer, not his
17 adversary. Our system of justice would not work if a lawyer's word was not his and his
18 client's bond. There was offer, acceptance and consideration. The important terms are clear
19 and specific. No money would change hands, the case would be dismissed with prejudice
20 and each side would bear its own attorneys' fees and costs. This was not a settlement
21 subject to a condition subsequent. The documentation was a formality and added non-
22 essential terms. Indeed the parties filed a Notice of Settlement (doc. 68), as required by
23 LRCiv 40.2(d). Once this document is filed the underlying claim is extinguished by the
24 accord and no longer exists. A lawyer cannot file a Notice of Settlement unless there is a
25 settlement. The court relies on the Notice. It is a misrepresentation to the tribunal to file a
26 Notice of Settlement where there is no settlement. Thus the attempt to rescind it (doc. 69)
27 is a nullity.

28 On the uncontradicted evidence, there was a settlement here. Accordingly, it is

1  ORDERED GRANTING defendant's Motion to Enforce Settlement Agreement (doc. 70).
2  It is further ORDERED DENYING plaintiff's counsels' Motion for Reconsideration (doc.
3  75). Pursuant to ER 1.16(c), counsel shall represent plaintiff through the entry of final
4  judgment. Thereafter, counsel may move to withdraw again. See LRCiv 83.3(a).
5  It is further ORDERED DISMISSING this action with prejudice, each side to bear its own
6  attorneys' fees and costs. The clerk shall enter final judgment.
7      DATED this 30th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge